STATE, EX REL. PATRICK SHERIDAN, COLLECTOR OF UNION COUNTY, v. JEREMIAH VAN WINKLE, TREASURER OF THE CITY OF PLAINFIELD.

A city treasurer having failed to pay over to the county collector the county's quota of taxes, he was charged with interest upon the same from the time when he ought to have paid them.

On application for *mandamus*.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the relator, *P. H. Gilhooly.*

For the defendant, *Suydam & Jackson.*

The opinion of the court was delivered by

DIXON, J. The relator, collector of Union county, applies for a *mandamus* directing the defendants, collector and treasurer of the city of Plainfield, to pay to him the balances of the county quotas of taxes for the years 1877, 1878 and 1879.

The language of the city charter (*Pamph. L.* 1872, *p.* 1134,) pertinent to this matter, is in the fifteenth section, which enacts that "the collector of revenue shall pay over all moneys received by him for the city, as soon as collected, to the treasurer of said city, who shall pay over to the treasurer of the state or to the collector of Union county, the full quota of taxes required by law to be raised in said city for state and county purposes, so far as the same may have been collected."

From these provisions, it appears that the whole duty of paying to the relator is devolved upon the treasurer. The duty of the city collector is merely to pay to the city treasurer; and it is not averred that he is at all delinquent in this re-

spect. No *mandamus*, therefore, should issue to him, and the rule against him should be discharged.

As to the treasurer, it is claimed that, although he has received, for all purposes, money enough to pay the county and state taxes, yet he has not received, of those specific taxes, any more than he has paid; and it is insisted that he is bound to pay county and state taxes only "so far as the same may have been collected."

But this question is *res adjudicata* to the contrary. The charter of the city of Bayonne contains a clause precisely similar, *mutatis mutandis ;* and the Court of Errors has decided that the city was, nevertheless, required to pay the state and county quotas out of the first moneys collected, according to the general law. *Bayonne* v. *State, Kingsland, pros.,* 12 *Vroom* 368.

The relator also insists that he is entitled to interest upon the unpaid balances.

So far as these balances appear to have been unpaid through the delinquency of the treasurer, we see no ground for denying this claim. The general tax law, (*Rev.; p.* 1159, § 83,) coupled with the charter provision already recited, expressly makes it the duty of this officer to pay these quotas out of the first moneys collected, provided "the time required by law to pay the same," December 22d, in each year, (*Rev., p.* 1144, § 24,) shall have arrived. Not to pay them, therefore, as soon as practicable after that day, is official delinquency, and deprives the county of the use of money to which it is legally entitled. No case has been cited wherein, under such circumstances, interest was denied.

Mr. Parsons (3 *Pars. on Cont.* *104) says: "In this country, the rule seems to be well established, that whoever receives money not his own, and detains it from the owner unlawfully, must pay interest therefor."

This principle is applied to public officers improperly retaining public money.

In *People* v. *Gasherie,* 9 *Johns.* 71, one of the loan officers of Ulster county had withheld and converted to his own use

divers sums of money which he had received as such officer. The court decided that he ought to be charged with interest on such moneys from the times when they should have been paid into the treasury.

So in *Supervisors* v. *Birdsall,* 4 *Wend.* 453, the county treasurer was debited with interest on certain sums which he had omitted to bring into his annual accounts, for the time they were improperly kept from the treasury.

In *Board of Justices* v. *Fennimore, Coxe* 242, interest was recovered against a county collector for moneys constructively in his hands, after a reasonable time for paying them over.

In *State* v. *Sooy,* 10 *Vroom* 539, the state recovered interest against a defaulting treasurer and his sureties, upon the amount of his deficit, from the time when it should have been transferred to his successor.

The relator, therefore, is entitled to interest, and the defendant bound to pay it, on all moneys unpaid from the time when payment thereof should have been made, *i. e.,* from the time when the defendant was delinquent in not paying them.

It is clear that there is no delinquency until the money is received by the officer. *State* v. *Douglass,* 4 *Vroom* 363.

And the default of the officer cannot be presumed; it must be proved.

The case shows no more than that the necessary funds were in hand by July 1st, 1880. The treasurer cannot, therefore, be charged with interest, except from that date. At that time the whole quota for 1877 had been paid; hence no interest is recoverable for that year. Balances of $1858.60 on the quota of 1878, and of $9482.38 on the quota of 1879, were then due. On these balances, interest may be computed from July 1st, 1880, and the proper credits for subsequent payments be deducted, and a *mandamus* for payment of the remainder is awarded.